UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTINE L. HICKEN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:19 CR 00199-001<br><br>JUDGE SARA LIOI<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |
|---|---|---|

NOW COMES the Defendant, Christine Hicken, by and through undersigned Counsel, and respectfully requests this Honorable Court consider the attached Memorandum in imposing judgment and sentence.

Respectfully submitted,

DICAUDO, PITCHFORD & YODER, LLC

*/s/ J. Reid Yoder*
J. Reid Yoder (0076587)
209 South Main Street, Third Floor
Akron, Ohio 44308
Telephone:   330.762.7477
Facsimile:   330.762.8059
ryoder@dpylaw.com

*Attorney for Defendant*

1

**MEMORANDUM**

I. **PERSONAL HISTORY**

Christine Hicken is fifty-five years old and lives alone in the upstairs of a residential home in Cleveland, Ohio. Regarding her personal health, Ms. Hicken suffers from Chronic Obstructive Pulmonary Disease for which she requires a pacemaker/IUD unit and a plethora of prescription medications and treatment. As well, she suffers from a mental health condition that also requires ongoing treatment. According to Veterans Affair (the "VA"), the mental health disorders with which she's been diagnosed include: recurrent, severe Major Depressive Disorder and Post Traumatic Stress Disorder as a result of being a victim of a violent rape while commissioned in the Navy.

Ms. Hicken enlisted in the United States Navy in 1983 where she served for four years as an Aviation Ordnanceman ("AO"), after which receiving an honorable discharge at rank E-3. As an AO, her duties included the maintenance of the electronic and mechanical systems of aircrafts and the assembly and loading of aviation ammunition (mines, torpedoes, missiles, and rockets). During her enlistment she received the following: Coast Guard Special Operations Ribbon, Third Sea Service Deployment Ribbon, National Defense Service Medal, First Good Conduct Medal, Navy Expeditionary Medal, Third Joint Meritorious Award, Navy Achievement Medal, and the Southeast Asia Service Medal.

Ms. Hicken has only once before found herself on the wrong side of the law, and that over a decade ago: a 2007 misdemeanor conviction for Misuse of Credit Card. Thus, Ms. Hicken has lived out the majority of her life as an upstanding citizen and veteran. In this case, she has candidly acknowledged her guilt and has accepted full responsibility for her actions. Ms. Hicken deeply regrets this episode and yearns to once again become a respectable member of society.

II. **STATEMENT OF THE CASE**

Ms. Hicken accepted responsibility for her actions by entering a guilty plea to Count 1 of the

2

one-count Indictment. Count 1 charged Ms. Hicken with Theft of Government Property in violation of 18 U.S.C. § 641, alleging that she fraudulently applied for and received VA disability benefits. Further, it is worth noting that Ms. Hicken initially qualified for said benefits in March 2010, but she wrongfully failed to disclose that she no longer needed the them after she began working at the Cleveland VA Medical Center in June 2011. She has fully admitted her guilt and deeply regrets her actions.

### III. LAW AND ARGUMENT

#### A. The Current State of Sentencing Law in the Wake of *United States v. Booker*

Sentencing procedure changed fundamentally in the wake of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Whereas previously the Federal Sentencing Guidelines were essentially mandatory in nature, today they are "effectively advisory" in all cases. *Id*. at 245. Consequently, it is required that district courts impose a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing pursuant to 18 U.S.C. §3553(a)(2). *See United States v. Foreman*, 436 F.3d 638, 644 n.1 (6" Cir. 2006) ("It is worth noting that a district court's job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose a 'sentence, sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2).")

Moreover, in *Gall v. United States*, 128 S. Ct. 586 (2007), the Supreme Court made clear that district courts are to consider all of the sentencing criteria set forth in § 3553 in sentencing. The procedure for considering the sentencing criteria as delineated by the Court in *Gall* is as follows:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He

> must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Id.* at 596-597; *see also United States v. Gossman*, 513 F.3d 592, 596 (6" Cir. 2008) ("*Gall* shows that the sentencing process involves an exercise in judgment, not a mathematical proof..."). Significantly, the "sufficient but not greater than necessary" standard of § 3553 is not merely a guideline but an upper limit on the sentence that may be imposed by a Court.

### B. Guideline Calculations

According to the Pre-Sentence Report, Ms. Hicken's Base Offense Level is 6. The parties anticipate a six-level adjustment pursuant to U.S.S.G. §2B1.1(b)(1)(D), and a two-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a) for a Total Offense Level of 10. The parties also anticipate a Criminal History Category I for an advisory guideline range of 6 to 12 months prior to any other adjustments.

### C. Application of the Statutory Sentencing Criteria

#### 1. §3553(a)(1) –- Nature and Circumstances of the Offense and History and Characteristics of the Defendant

The circumstances under which the offense occurred should never reoccur. Ms. Hicken recognizes the seriousness and wrongfulness of the offense. She also greatly desires to correct her life course and to once again become an upstanding member of society. Moreover, Ms. Hicken is veteran of the United States Navy who has served her country honorably. It is requested that this Court consider a downward depart from the guidelines in this matter in consideration of Ms. Hicken's military service in accordance with §5H1.11, and of her ready acceptance of responsibility and scant criminal history.

      **2.**      **§3553(a)(2)(A) — Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment**

This Court is at liberty to exercise the substantial discretion afforded to it under *Gall* to fashion an appropriate sentence. In this case, Ms. Hicken was at first legally qualified for the very benefits she's pleaded guilty to fraudulently receiving. However, Ms. Hicken's failed to notify Veterans Affairs when she became employed. It is requested the sentence be tailored so as to not be greater than necessary in light of the fact that Ms. Hicken did initially qualify for the disability benefits and owing to the fact that she indeed qualified for other benefits for which she did not receive. After conversation with Government counsel it has been advised that Ms. Hicken could have in fact received Veterans benefits but did not apply to the correct benefits.

      **3.**      **§3553(a)(2)(D) — Provide the Defendant with Needed Medical Care**

Ms. Hicken suffers from chronic Obstructive Pulmonary Disease for which she has a pacemaker/ICD unit and a need for ongoing medication and treatment. She also suffers from a mental health condition which stems from her being sexually assaulted while in the military. As a result, Ms. Hicken's has been diagnosed with the following conditions: recurrent, severe Major Depressive Disorder; Post Traumatic Stress Disorder.

It is requested that the sentence be tailored so as to account for the treatment required for Ms. Hicken's extensive health-related issues—many of which resulting from her time spent in the military.

## CONCLUSION

Ms. Hicken deeply regrets the wrongfulness of her actions and yearns to take responsibility in order that she may once again prove herself an upstanding member of society. She has in the past served her country with honor and has in this matter been wholly candid in her guilt.

It is respectfully requested that this Honorable Court consider a sentence of probation pursuant to §5C1.1(c)(3).

        Respectfully submitted,

        DICAUDO, PITCHFORD & YODER, LLC


        */s/ J. Reid Yoder*
        J. Reid Yoder (0076587)
        209 South Main Street, Third Floor
        Akron, Ohio 44308
        Telephone:   330.762.7477
        Facsimile:    330.762.8059
        ryoder@dpylaw.com

        *Attorney for Defendant*


## **CERTIFICATE OF SERIVICE**

I hereby certify that on July 31, 2019, a copy of the forgoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


        */s/ J. Reid Yoder*
        J. Reid Yoder (0076587)